## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **ALLEN CITRON CREAGH,** | Case No. 3:18 CV 2227 |
| Petitioner, | Judge James G. Carr |
| v. | Magistrate Judge James R. Knepp II |
| **WARDEN LYNEAL WAINWRIGHT,** | |
| Respondent. | **REPORT AND RECOMMENDATION** |

### INTRODUCTION

*Pro se* Petitioner Allen Citron Creagh ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1); *see also* Doc. 4 (supplement to Petition). Respondent Warden Lyneal Wainwright ("Respondent") filed a Motion to Dismiss (Doc. 8) and Petitioner filed an opposition (Doc. 9). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated June 19, 2019). For the reasons discussed below, the undersigned recommends Respondent's motion (Doc. 8) be GRANTED, and the Petition be DISMISSED without prejudice.

### PROCEDURAL HISTORY

<u>State Court Conviction</u>

In March 2014, a Marion County, Ohio grand jury issued an indictment against Petitioner (along with two co-defendants). *See* Ex. 1, Doc. 8-1, at 3-7. The indictment charged Petitioner with six counts of trafficking in cocaine, four counts of trafficking in heroin, one count of tampering with evidence, and one count of illegal conveyance of drug of abuse onto a detention facility, and one count of cocaine possession; the trafficking counts each included forfeiture

specifications. *See id.* In April 2014, the grand jury issued a supplemental indictment in which Petitioner was charged with one count of engaging in a pattern of corrupt activity. (Ex. 2, Doc. 8-1, at 8-9).

On July 7, 2014, pursuant to a plea agreement, Petitioner pleaded guilty to six counts of trafficking in cocaine and four counts of trafficking in heroin, as well as the attached forfeiture specifications. (Ex. 3, Doc. 8-1, at 10-12). The State dismissed the remaining charges. *See id.* The trial court accepted Petitioner's guilty plea. *See id.* at 12.

On September 2, 2014, the trial court sentenced Petitioner to an aggregate term of 90 months imprisonment. (Ex. 4, Doc. 8-1, at 13-15).

Petitioner did not file a direct appeal of his conviction or sentence.

Motion to Correct Void Sentence

On August 31, 2017, Petitioner filed a "Motion to Correct Void Sentence" with the trial court. (Ex. 5, Doc. 8-1, at 16-22). Therein, he argued his sentence was void due to the trial court's failure to notify him of his appellate rights pursuant to Ohio Criminal Rule 32(B)(2) and (3). *Id.* at 19-20. The State responded in opposition, arguing Petitioner entered into a willing plea agreement, his sentence was within the statutory guidelines, and that he was notified of the rights he was giving up by pleading guilty, and was notified of his right to appeal. (Ex. 6, Doc. 8-1, at 26-27). On October 20, 2017, the trial court denied Petitioner's motion, holding that even assuming it had not properly advised Petitioner of his right to appeal, such an error did not void the sentence. (Ex. 7, Doc. 8-1, at 28-30). The trial court's entry noted: "If the Defendant believes he has grounds for appeal of this Court's sentence, and if the Defendant has not previously done so, the Defendant may seek leave to file a delayed appeal in the Court of Appeals." *Id.* at 30.

Petitioner filed a timely appeal of the trial court's judgment to the Third District Court of Appeals. (Ex. 8, Doc. 8-1, at 31). In his brief, he asserted three assignments of error:

1. The Defendant-Appellant asserts that the Trial Court has failed to "NOTIFY HIM OF HIS RIGHT TO APPEAL AFTER ENTERING A GUILTY PLEA" as stated in Crim. R. 32(B)(2) and (3).

2. The Defendant-Appellant asserts that such sentence in 14-CR-125 is hereby a "Void Judgment" because the sentence is contrary to law.

3. The Defendant-Appellant[']s U.S. 14TH Amendment Section (1)-Due Process Rights Have Been Violated.

(Ex. 9, Doc. 8-1, at 36-42).

On March 19, 2018, the Third District Court of Appeals affirmed the trial court's judgment. (Ex. 10, Doc. 8-1, at 43-49). Therein, it held that Petitioner's motion was an untimely petition for post-conviction relief and the trial court lacked jurisdiction to consider it; therefore, the trial court did not abuse its discretion in denying the petition. *Id.* at 47-48.

Petitioner timely appealed this determination to the Ohio Supreme Court. (Ex. 11, Doc. 8-1, at 50-52). In his memorandum in support of jurisdiction, Petitioner set forth four propositions of law.

1. Appellant[']s Sentence In 14-CR-125 Arising Out of The Third Appellate District Court of Appeals is Declared A "Void Judgment".

2. Sentence Doesn't Conform To The Mandatory Provisions Of Crim. R. 32(B)(2) And (3).

3. Sentence Doesn't Conform To The Mandatory Provisions Of §2953.02.

4. Sentence Violate[s] The U.S. Constitution 14TH Amendment Section(1)-Due Process Clause.

(Ex. 12, Doc. 8-1, at 53-61). On July 18, 2018, the Ohio Supreme Court declined jurisdiction pursuant to Ohio Supreme Court Practice Rule 7.08(B)(4). (Ex. 13, Doc. 8-1, at 71).

## FEDERAL HABEAS CORPUS

On September 17, 2018[1], Petitioner filed the pending Petition raising three grounds for relief:

> **GROUND ONE:** Sentencing court failed to notify Defendant of his right to appeal after entering a guilty plea in accordance [with] Crim.R. 32(B)(2) and (3) [and] R.C. 2953.02.
>
> **Supporting Facts:** It's of mandatory provisions that the trial court notify the Defendant of his right to appeal after entering a guilty plea and that the Defendant be appointed counsel as explained in Crim. R. 32(B)(2) and (3) to help him perfect such appeal, the failure of the trial court's advisement or notifying the Defendant also violated his 14th Amendment Section (1) – Due Process rights.
>
> **GROUND TWO**[2]**:** Defendant's Sentence in 14-CR-125 is a void judgment because the trial court failed to notify him of his right to appeal after entering a guilty plea.
>
> **GROUND THREE:** The Defendant's sentence in 14-CR-125 violates his 14th Amendment Section (1) – Due Process rights.
>
> **Supporting Facts:** For failure of not notifying the Defendant of his right to appeal after entering a guilty plea and his right for the State to appoint counsel, such failure violates the Defendant's Due Process rights and keeping a Defendant ignorant of these rights violates his Constitutional rights to Due Process.

(Doc. 1, at 5-8) (capitalization altered).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be

---

1. Pursuant to the federal prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). *See* Doc. 1, at 15 (representing Petition was placed in the prison mailing system on September 17, 2018).
2. Petitioner's Ground Two is listed as "N/A" and the above is listed under "supporting facts". *See* Doc. 1, at 7.

4

given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (internal citation and quotation omitted). An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

## DISCUSSION

Respondent asserts the Petition must be dismissed because Petitioner's claims are unexhausted. Specifically, she asserts that they are unexhausted because Petitioner has not attempted to raise such claims in a delayed direct appeal to the Ohio Court of Appeals. Petitioner

5

responds that he did exhaust his grounds – through his post-conviction petition and subsequent appeal thereof. For the reasons discussed below, the undersigned recommends Respondent's Motion (Doc. 8) be GRANTED, and the Petition (Doc. 1) be DISMISSED without prejudice.

A habeas corpus petition may not be granted "unless it appears that the applicant has exhausted the remedies in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Picard v. Connor*, 4040 U.S. 270, 275-76 (1971). Failure to exhaust applies where state remedies are "still available at the time of the federal petition." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). A remedy is "available" if the applicant "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).[3] The exhaustion of remedies doctrine is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

In Ohio, exhaustion requires claims be raised in a direct – and delayed – appeal to the state appellate court and Ohio Supreme Court. *See Mackey v. Koloski*, 413 F.2d 1019, 1021 (6th Cir. 1969) ("We conclude that while a delayed appeal on the merits of the conviction is open to the appellant he has not exhausted his state remedies."); *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970); *see also Haynie v. Buchanan*, 2019 WL 295503, at *5 (S.D. Ohio) ("To the extent that this claim may be readily apparent from the face of the record, this action remains subject to dismissal as unexhausted, because Petitioner apparently has never filed an appeal, and he may still pursue a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A)."), *report and recommendation adopted*, 2019 WL 926031; *Summers v. Warden, Allen Corr. Inst.*, 2017 WL 412875, at *5 (S.D.

---

3. By contrast, the exhaustion requirement is deemed satisfied if it is clear that the claims are procedurally barred under state law. *See Gray v. Netherland*, 518 U.S. 152, 161 (1996).

Ohio) ("Petitioner did not pursue a timely direct appeal from his judgment of conviction and has apparently never pursued a motion for a delayed appeal pursuant to Ohio Appellate Rule 5(A). Under these circumstances, this action may be subject to dismissal as unexhausted."), *report and recommendation adopted*, 2017 WL 927646; *Dunford v. Tibbals*, 2013 WL 5726083, at *11 (N.D. Ohio) ("Because Dunford arguably still has a remedy (delayed appeal) in state court, his claims are unexhausted and not defaulted."), *report and recommendation adopted*, 2014 WL 619206 (N.D. Ohio); *Moore v. Erwin*, 2005 WL 1073371, at *2 (S.D. Ohio) ("Requiring petitioner to pursue a delayed appeal in the state courts prior to filing a federal habeas corpus petition would not be futile and will serve the interests of federal-state comity by giving the Ohio appellate courts the opportunity to address petitioner's claims on the merits.") (report and recommendation).

Although Petitioner is correct that he raised a related argument "in the trial court, appellate court, and [] Ohio Supreme Court" (Doc. 9, at 4), he did so through an untimely *post-conviction* process, rather than through the *direct* appeal process. Indeed, the trial court pointed this out: "If the Defendant believes he has grounds for appeal of this Court's sentence, and if the Defendant has not previously done so, the Defendant may seek leave to file a delayed appeal in the Court of Appeals." (Ex. 7, Doc. 8-1, at 30). And the appellate court, reviewing that post-conviction petition, held it to be untimely. (Ex. 10, Doc. 8-1, at 36-42).

Under Ohio law, Petitioner had 30 days in which to file his direct appeal. Ohio App. R. 4(A)(1). He did not do so. However, the Ohio rules also provide an avenue for a delayed direct appeal. Ohio Appellate Rule 5 provides that "[a]fter the expiration of the thirty day period prescribed by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken[.]" Ohio App. R. 5(A)(1). "A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons

7

for the failure of the appellant to perfect an appeal as of right." Ohio App. R. 5(A)(2). Here, presumably, Petitioner would assert that he failed to appeal because he was not notified he had a right to do so. *See* Doc. 1, at 5. Petitioner's grounds for habeas relief are all directed at the trial court's failure to notify him of his right to appeal. These claims are unexhausted because Petitioner never raised them on direct appeal, and an avenue to raise them – a motion for leave to file a delayed appeal – is available under Ohio law. *See Mackey*, 413 F.2d at 1021, *Haynie*, 2019 WL 295503, at *5; *Summers*, 2017 WL 412875, at *5; *Dunford*, 2013 WL 5726083, at *11.

Further, Respondent correctly notes that dismissal will not impact Petitioner's habeas statute of limitations. Petitioner's conviction became final on October 2, 2014 (30 days after his sentencing). *See* Ohio App. R. 4(A)(1); *see also* 28 U.S.C. § 2244(d)(1)(A). His federal statute of limitations expired on October 2, 2015, one year later. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his post-conviction motion on August 31, 2017 (Ex. 5, Doc. 8-1, at 16-22), long after the statute's expiration. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (filings after the expiration of AEDPA's one-year statute of limitations do not toll or restart the limitations period). Similarly, should Petitioner file and be denied a delayed direct appeal, such an action would similarly not toll the already-expired limitations period. *Id.* Because the Petition is already untimely-filed, prospective equitable tolling would not assist Petitioner. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002) (permitting prospective equitable tolling when petition was originally timely-filed and statute of limitations would otherwise expire during exhaustion process); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Whether Petitioner may have arguments for equitable tolling of the statute of limitations, or a different start date than the one dictated by 28 U.S.C. § 2244(d)(1)(A) are questions not before the Court at this time.

As noted above, the purpose of the exhaustion requirement is "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518. "Requiring petitioner to pursue a delayed appeal in the state courts prior to filing a federal habeas corpus petition would not be futile and will serve the interests of federal-state comity by giving the Ohio appellate courts the opportunity to address petitioner's claims" – in this case, that he was denied his right to an appeal – "on the merits." *Moore*, 2005 WL 1073371, at *2

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends Respondent's Motion (Doc. 8) be GRANTED, and the Petition (Doc. 1) be DISMISSED without prejudice.


                                                       s/ James R. Knepp II
                                                       United States Magistrate Judge


*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).