# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Allen Citron Creagh,	Case No. 3:18CV2227

    Petitioner

v.	**ORDER**

Lyneal Wainright, Warden,

    Respondent

This is a state prisoner's habeas case under 28 U.S.C. § 2254.

In 2017, the petitioner, Allen Creagh, pleaded guilty in the Common Pleas Court of Marion County, Ohio, to trafficking in cocaine and heroin, and the trial court sentenced him to ninety months of imprisonment. After failing to take a direct appeal and filing a postconviction petition that the state courts ruled was untimely, petitioner filed the pending habeas corpus petition in September, 2018. (Doc. 1).

Now before me is Magistrate Judge Knepp's Report and Recommendation, which recommends that I dismiss the petition without prejudice. (Doc. 10, PageID 152). The Magistrate Judge concluded that petitioner had not exhausted his state-court remedies because he did not present his claims via a motion for leave to take a delayed appeal. (*Id.*, PageID 149–51).

Magistrate Judge Knepp notified the parties that any objections to the R&R would be due within fourteen days after the filing of his R&R, which occurred on Janaury 10, 2020. Because that deadline has passed without an objection from the petitioner, he has forfeited his right to de novo review of the R&R. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373

(6th Cir. 1987). I need only "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." *Bogan v. Morgan*, 2012 WL 3776514, *1 (N.D. Ohio 2012) (Gaughan, J.).

Having review the Magistrate Judge's R&R, I am satisfied that the Magistrate Judge correctly found that petitioner failed to exhaust his state-court remedies, and that dismissal without prejudice is warranted.[1]

**Conclusion**

It is, therefore,

ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 10) be, and the same hereby is, adopted as the order of the court.

2. Respondent's motion to dismiss the petition (Doc. 8) be, and the same hereby is, granted without prejudice.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] Magistrate Judge Knepp recognized that a dismissal without prejudice would not pose any statute-of-limitations problems for the petitioner, given that the petition is already untimely, at least under 28 U.S.C. § 2244(d)(1)(A). (Doc. 10, PageID 151). Nevertheless, a dismissal with prejudice is not appropriate now because, as the Magistrate Judge also found, whether petitioner "may have arguments for equitable tolling . . . or a different start date than the one dictated by 28 U.S.C. § 2244(d)(1)(A) are questions not before the Court at this time." (*Id.*).